CLD-102                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2897
_____

DONALD D. PARKELL,
                    Appellant

v.

TINA LINSEY; JOHN AMADO; JOHNNY SUAREZ; DAVID PIERCE
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civ. No. 1-17-cv-00543)
District Judge:  Honorable Leonard P. Stark
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 14, 2019
Before:  CHAGARES, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed April 2, 2019)
_____

OPINION[*]
_____

PER CURIAM

        Donald D. Parkell, proceeding pro se and in forma pauperis, appeals from the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

District Court's order dismissing his amended complaint.  Because the appeal lacks an arguable basis, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I.

In May 2017, Parkell filed a complaint pursuant to 42 U.S.C. § 1983, which he later amended, against officials at the James T. Vaughn Correctional Center ("VCC").  Parkell claimed that his due process rights had been violated when, on four separate occasions in 2015, he was sanctioned with a 24-hour period of "loss of all privileges" for violating various rules and orders.  According to Parkell, the sanctions were unwarranted and he was not given an opportunity to challenge them.  Parkell named as defendants VCC correctional officers Tina Linsey, John Amado, and Johnny Suarez.  He also named as a defendant the VCC warden, David Pierce, and claimed that Pierce was responsible for maintaining the policy that gave the correctional officers the power to arbitrarily issue 24-hour sanctions.

The District Court screened Parkell's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and dismissed his claims as frivolous.  Parkell appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Because we granted Parkell leave to proceed in forma pauperis, we must screen this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous.  An appeal is frivolous when it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

## III.

There is no arguable basis to disturb the District Court's judgment. We agree with the District Court that Parkell's amended complaint failed to state a due process claim. Prisoners typically have a protected liberty interest only in "freedom from restraint" that "imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995). Lesser restraints on a prisoner's freedom are deemed to fall "within the expected perimeters of the sentence imposed by a court of law." Id. at 485. As the District Court explained, the temporary "loss of all privileges" is not the type of atypical and significant hardship contemplated by Sandin. See Burns v. Pa. Dep't of Corr., 544 F.3d 279, 285 (3d Cir. 2008). Because the sanctions imposed upon Parkell were insufficient to trigger due process protections, he did not state a due process claim against the three correctional officers for imposing them, or against Warden Pierce for maintaining a policy allowing them.

IV.

For these reasons, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).